Judge Simpson
delivered tlie opinion of the Court.
The main question in this case is, whether the statutes, which set aside certain specified articles of property out of the decedent’s estate for the widow and infant children, if any, apply alone in cases where a person shall die intestate, or have an application, also, where he shall die leaving a last will and testament.
By the statute of 1843 : (Session acts, 1842-3, p. 17,) it is enacted, “that every species of property exempted from execution or distress, by the act of 1842, shall be exempted from sale by executors and administrators,, and such property, so exempted, shall not be considered assets in the hands of the executor or administrator, but shall be reserved to the widow and infant heirs, if any.” If this statute has not been repealed, the exemption clearly applies to both class of cases.
By an act passed at the same session, the execution laws were amended, and instead of an exemption of certain species of property, two hundred and fifty dollars’ worth of property was exempted from execution. No change, however, was made by this act in the law reserving certain property of the decedent for the benefit of his widow and children.
By an act passed in the year 1845: (Session acts, 1844-5, p. 35,) the Legislature expressly repealed theact of 1843, exempting two hundred and fifty dollars’ worth of property from execution, and adopted the previous policy of exempting from execution certain specified articles of property only. By this last act, the same *32 property which it exempts from execution is reserved fmTthe benefit of the widow and infant children of any person that shall die intestate, but no reference is made to cases where persons shall die leaving a will. By the last section of the act, it repeals all acts that come within its purview.
íhe statute of 1845: (Ses. acts, p. 35,} does not repeal the act ot 1843, reserving to the widow &c. of persons dying with or without will, the same property which, by that act, is exempted from sale under execution.
It is contended, that the act of 1845 repeals the statute of 1843, in relation to the reservation in favor of the widow and children, as well as the statute of the same session which exempted two hundred and fifty dollars’ worth of property from execution.
The jobject of the act of 1845 was to regulate th® law exempting property from execution. All other acts on that subject are repealed by it. The exemption in favor of the widow and children of a person dying intestate, is not in conflict with a similar exemption in a previous statute in favor of the widow of a person who died with a will. There is no provision in the statute from which an intention upon the part of the Legislature to confine the reservation to one of the class of cases, to the exclusion of the other, can be deduced. Nor does there s.eem to be any good reason for discrimination between them. Where a person dies insolvent, the reservation is equally necessary and beneficial to the widow7, whether he dies testate or intestate. A construction, therefore, which would establish such a discrimination is inadmissible. It is not necessarily established by any thing contained in the statute, and should not be by judicial'interpretation.
We are, therefore, of the opinion that the plaintiff in the Court below was entitled to the exempted property, although her husband died leaving a will. Her renunciation of the will was unimportant, and it is, therefore, immaterial whether the instrument of writing containing that renunciation was properly authenticated or not, as its admission as testimony was not necessary to enable the plaintiff to maintain her action, and would not operate to the prejudice of the defendant.
Whether the provisions of a will might oi the provisions not decided.
Trovert may be maintained, m such ease,by the tTeexe’eutorwho ty'^reserve^by law for her with' out a demand.
Rountree Sf Fogle and Thurman for appellant.
It is unnecessary to decide, in this case, whether a will might not contain provisions which would deprive the widow of her right to claim exempted property un- , , -ni c der the statute, particularly without a renunciation of its provisions for her benefit. The will is not made a a part of the record, and its contents do not appear. We only now determine that the mere existence of a will does not of itself preclude the widow from asserting her claim to the property reserved b.y the statute for the benefit of herself and her infant children, if any.
By the act of 1843, the property reserved is express- • - i, , r i ly declared not to be assets in the hands of the executor or administrator. No demand of it, therefore, from the executor, by the plaintiff,' was necessary to enable her to maintain her action. The title to the property A vested in her, and its sale by the executor was unauthorized and illegal, and she had a right to maintain an actioh of trover against him for its conversion: Jackson Vs Bryan, (3 J. J. Marshall, 309:)
Whether or not the plaintiff’s husband was a housekeeper at the time of his death, was a question of fact for the jury to determine, w’hich was fairly submitted to them, and they having found a verdict for the-plaintiff, and the Court below having overruled a motion for a new trial, we do not feel authorized to disturb that verdict.
Wherefore, the judgment is affirmed.